Michael Starr (MS 6851)
Vanessa M. Thomas (VT 1679)
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, NY 10022
(212) 918-3000

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x

NYP HOLDINGS, INC. d/b/a NEW YORK POST,

          Plaintiff,

   - against -

NEW YORK NEWSPAPER PRINTING
PRESSMEN'S UNION LOCAL NO. 2 and
CHRISTOPHER CAPANELLI,

          Defendants.

------------------------------------------------------------------ x

07 Civ. 5580

JUN 1 1 2007

       Plaintiff NYP Holdings, Inc. d/b/a the New York Post ("Plaintiff" or the "Post"), by its attorneys, for its Complaint, alleges the following:

### **JURISDICTION**

       1.    This Court has jurisdiction of this matter pursuant to Section 301 of the Labor Management Relations Act, 1947, 29 U.S.C. § 185 ("Section 301"), without regard to the amount in controversy or the parties' citizenship.

## PARTIES

2. Plaintiff NYP Holdings, Inc., is a corporation organized and existing under the laws of the State of Delaware and is engaged in commerce or an industry affecting commerce as defined in Sections 2(6) and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§ 152(6) and (7).

3. Plaintiff is a corporation doing business under the laws of the State of New York and is engaged in an industry affecting commerce, namely the business of publishing and/or distributing newspapers and magazines, including but not limited to a major New York City daily newspaper called the "*New York Post.*"

4. Upon information and belief, Newspaper Printing Pressmen's Union Local No. 2 ("*Local 2*" or "*Union*") is an unincorporated association and labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5), with its principal office at 275 Seventh Avenue, Suite 1500, New York, New York 10001.

5. Defendant Union is the exclusive representative of a certain unit of employees of the Post (the "*Pressman*"), who are employed to print newspapers and periodicals on behalf of Plaintiff. Said employees are employed in an industry affecting commerce within the meaning of Section 301.

6. Defendant Christopher Capanelli is an individual who, on information and belief, resides at 20 Coconut Drive, Commack, New York 11725, and is represented by Local 2 as his exclusive bargaining representative.

## THE GRIEVANCE AND ARBITRATION PROCEDURE

7. On or about October 1, 1993, Plaintiff and the Union entered into a

collective bargaining agreement that was, in August 2000, amended and, as amended, extended to be effective through October 31, 2015 (the "*Pressman's CBA*").

8. Under Section 42 of the Pressman's CBA, all grievances, differences and disputes arising out of the interpretation or application of the CBA which cannot be resolved informally by the parties are to be referred in writing to what the parties call the Joint Conference Committee within sixty (60) days after the grieving party knew, or should have known of the facts or circumstances giving rise to the grievance.

9. Section 42 of the CBA further provides that if the Joint Conference Committee is unable to resolve the dispute, or fails to timely act, the dispute may be submitted by either party to the American Arbitration Association pursuant to its Voluntary Labor Arbitration Rules.

## CAPANELLI'S TERMINATION FROM THE POST

10. On or about September 28, 2003, the Post installed a hidden camera in the employee locker room in response to repeated acts of harassment towards an African-American employee named Jason Quick.

11. On or about October 24, 2003, the camera captured the image of an individual committing acts of vandalism to Mr. Quick's locker.

12. Thereafter, the Post conducted an investigation to determine who had committed the acts of vandalism and criminal mischief caught on the October 24, 2003 as recorded on the videotape.

13.     Based on the results of the investigation and several employees' identification of Defendant Capanelli as the individual on the October 24th videotape, the Post terminated Capanelli's employment.

## THE ARBITRATION AWARD

14.     After Capanelli was terminated, Local 2 filed a grievance on Capanelli's behalf pursuant to the grievance and arbitration procedures contained in the Pressman's CBA.

15.     This aforementioned grievance was duly submitted to arbitration under the auspices of the American Arbitration Association.

16.     The aforementioned grievance was heard before Arbitrator Barbara Zausner, who, on June 12, 2006, issued an Opinion and Award, a true and correct copy of which is annexed hereto as Exhibit A.

17.     The aforementioned Opinion and Award was duly and properly issued by Arbitrator Barbara Zausner.

**WHEREFORE**, the Plaintiff prays that this Court issue an order confirming the arbitration award issued by Arbitrator Barbara Zausner on June 12, 2006 and grant such other and further relief as to this Court seems just and proper.

Dated: New York, New York
       June 11, 2007

HOGAN & HARTSON LLP

By: _____
Michael Starr (MS 6851)
Vanessa M. Thomas (VT 1679)
875 Third Avenue
New York, New York  10022
(212) 918-3000
*Attorneys for Plaintiff*