UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

NYP HOLDINGS, INC. d/b/a NEW YORK POST,

Plaintiff,

- against -

NEW YORK NEWSPAPER PRINTING
PRESSMEN'S UNION LOCAL NO. 2 and
CHRISTOPHER CAPANELLI,

Defendants.

------------------------------------------------------------------ x

07 Civ. 5580

## MEMORANDUM OF LAW IN SUPPORT OF
## PETITION TO CONFIRM ARBITRATION AWARD

Plaintiff NYP Holdings, Inc., d/b/a New York Post ("*Plaintiff*" or the "*Post*") submits this memorandum of law in support of its petition to confirm the arbitration award issued by Arbitrator Barbara Zausner on June 12, 2006 (the "*Arbitrator's Award*"), which was attached to the Complaint as Exhibit A. (*See also* Affidavit of Michael Starr, Esq. dated December 10, 2007 ("*Starr Aff.*"), ¶ 2 & Ex. A.).

Plaintiff filed the Complaint in this action on June 11, 2007. Plaintiff promptly served copies of the Summons and Complaint on defendant New York Newspaper Printing Pressmen's Union Local No. 2 ("*Local 2*") on June 12, 2007, and on defendant Christopher Capanelli on June 13, 2007, as reflected in the court's PACER system. (*See also* Starr Aff., ¶ 4 & Ex. C.)

Local 2 filed an Answer on June 29, 2007 ("*Local 2 Answer*"), in which Local 2 does not object to the entry of judgment confirming the Arbitrator's Award based upon the pleadings. (*See* Local 2 Answer, ¶ 4.) Christopher Capanelli has yet to appear in this action.

Federal law endorses district-court confirmation of labor arbitration awards. As the Second Circuit has recently stated, "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court 'must grant' the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (citation omitted). A party must move to vacate, modify or correct an arbitrator's award within three months after the arbitrator has issued the decision. *See D.H. Blair*, 462 F.3d at 106; *McCarthey Investments, LLC v. Shah*, 2007 WL 3254418, at *3 (S.D.N.Y. Nov. 1, 2007). Failure to so move within the three-month period precludes the party from seeking vacatur in response to a timely motion to confirm. *See Local Union No. 38, Sheet Metal Workers' International Ass'n, AFL-CIO v. Custom Air Systems, Inc.*, 357 F.3d 266, 267 (2d Cir. 2004); *New York City Dist. Council of Carpenters Pension Fund v. Dafna Const. Co., Inc.*, 438 F. Supp. 2d 238, 242 (S.D.N.Y. 2006) (citing cases).

In its Answer, defendant Local 2 does not object to confirmation of the Arbitrator's Award and in fact supports judgment on the pleadings. Defendant Capanelli has not submitted any opposition to raise a question of fact and his failure to contest any issues weighs against him. *D.H. Blair*, 462 F.3d at 109; *New York City Dist. Council of Carpenters Pension Fund v. Unique Installers Inc.*, 2007 WL 4115954, at *2 (S.D.N.Y. Nov. 19, 2007). Notably, however, confirmation of the Arbitrator's Award will not be against Mr. Capanelli's interest, as the Award orders him reinstated to his former position at the Post. (*See* Starr Aff., ¶ 2 & Ex. A.)

No material issue of fact remains for trial. The arbitration award is proper on its face and manifestly authorized by the arbitration provision in the Collective Bargaining Agreement between plaintiff and Local 2. (*See* Complaint ¶¶ 9, 15-17; Local 2 Answer ¶ 1; Starr Aff., ¶ 3 &

Ex. B.) Defendant Christopher Capanelli is represented by Local 2 as his exclusive bargaining representative. (*See* Complaint ¶ 6; Local 2 Answer ¶ 2; Arbitrator's Award at 3.) No party has timely moved to vacate, modify, or correct the Arbitrator's Award. Finally, as illustrated by the Second Circuit in *D.H. Blair*, Mr. Capanelli's failure to appear does not preclude confirmation of the Arbitrator's Award. *See* 462 F.3d at 112 ("[b]ecause the [plaintiff's] motion to confirm was unopposed, confirmation of the entire arbitral award is appropriate").

For the foregoing reasons, the Post's petition for confirmation of the Arbitrator's Award should be granted in all respects.

Dated:   New York, New York
         December 10, 2007

                                  HOGAN & HARTSON L.L.P.

                                  By:  /s/  Michael Starr
                                       Michael Starr (MS 6851)
                                       Vanessa M. Thomas (VT 1679)
                                       875 Third Avenue
                                       New York, NY  10022
                                       Telephone: (212) 918-3000
                                       Facsimile: (212) 918-3100
                                       Attorneys for Plaintiff

To:   Daniel Engelstein, Esq.
      Levy Ratner, P.C.
      80 Eighth Avenue
      New York, New York  10011

      Christopher Capanelli
      20 Coconut Drive
      Commack, New York  11725