UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NYP HOLDINGS, INC. d/b/a NEW YORK POST,    :    07 Civ. 5580 (SHS) (JCF)

                Plaintiff,    :    ORDER

    -against-    :

NEW YORK NEWSPAPER PRINTING
PRESSMEN'S UNION LOCAL NO. 2 and    :
CHRISTOPHER CAPANELLI,

              Defendants.    :
------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

      Plaintiff NYP Holdings, Inc. moves for summary judgment seeking confirmation of a labor arbitration award issued pursuant to the terms of a collective bargaining agreement ("CBA") between plaintiff and defendant New York Newspaper Printing Pressmen's Union Local No. 2 (the "Union"). On June 12, 2006, arbitrator Barbara Zausner sustained a grievance filed by the Union on behalf of defendant Christopher Capanelli. Arbitrator Zausner found that Capanelli's termination was "not for just cause" and awarded his reinstatement "with full back pay as though no discharge had occurred." (June 12, 2006 Opinion & Award at 3, 11, Ex. A to Compl. filed June 11, 2007.)

      An arbitration award issued pursuant to a CBA governed by the Labor Management Relations Act must be upheld if it "draws its essence from the collective bargaining agreement and is not the arbitrator's own brand of industrial justice . . . even if it contains factual errors or erroneous interpretations of contract provisions." First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Employees Union Local 338, 118 F.3d 892, 896 (2d Cir. 1997) (quotations omitted). Neither of the defendants

object to the entry of judgment confirming the award. Specifically, the Union agrees that the "Arbitrator's Award is final and binding" and raises no objection to "entry of judgment confirming [the] Award." (Answer ¶ 4.) Similarly, defendant Capanelli has written the Court that he has "no objection to the arbitration being confirmed." (Letter to the Court from Christopher Capanelli dated Feb. 19, 2008.)

Accordingly it is hereby ORDERED that plaintiff's motion for summary judgment in its favor is granted. The Clerk of this Court is directed to enter judgment confirming the arbitration award.

Dated: New York, New York
March 4, 2008

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.

2